THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| JAMES A. MAZZETTI III,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>ROBERT POWELL et al.,<br><br>　　　　　　Defendants. | **MEMORANDUM DECISION & ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED FOR FAILURE TO CURE DEFICIENT COMPLAINT**<br><br>Case No. 2:23-CV-725-DAK<br><br>District Judge Dale A. Kimball |

On May 8, 2024, the Court (a) ordered Plaintiff to within thirty days cure his deficient complaint and (b) gave instructions for doing so. (ECF Nos. 4, 8.) Plaintiff has not since filed an amended complaint, instead moving for appointed counsel. (ECF No. 9.)

## MOTION TO APPOINT COUNSEL

The Court now addresses Plaintiff's motion for the Court to ask volunteer counsel to represent Plaintiff free of charge. Plaintiff has no constitutional right to counsel. *See Carper v. Deland*, 54 F.3d 613, 616 (10th Cir. 1995); *Bee v. Utah State Prison*, 823 F.2d 397, 399 (10th Cir. 1987). However, the Court may in its discretion appoint counsel for indigent plaintiffs. *See* 28 U.S.C.S. § 1915(e)(1) (2024); *Carper*, 54 F.3d at 617; *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). Plaintiff bears the burden of convincing the Court that Plaintiff's claim has enough merit to warrant appointment of counsel. *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985).

In deciding whether to ask volunteer counsel to represent Plaintiff free of charge, this Court considers a variety of factors, like "'the merits of the litigant's claims, the nature of the

factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims.'" *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (quoting *Williams*, 926 F.2d at 996); *accord McCarthy*, 753 F.2d at 838-39. Considering the above factors, the Court concludes here that, at this time, Plaintiff's claims may not be colorable, the issues in this case are not complex, and Plaintiff is not too incapacitated or unable to adequately function in pursuing this matter. Thus, the Court denies for now Plaintiff's motion for appointed counsel.

## ORDER

**IT IS ORDERED** as follows:

**(1)** Plaintiff has thirty days within which to **SHOW CAUSE** why this action should not be dismissed because of Plaintiff's failure to follow the Court's Order to cure the Complaint's deficiencies by filing a single document entitled, "Amended Complaint." (ECF Nos. 4, 8.)

**(2)** The Clerk's Office shall again mail to Plaintiff copies of (a) the May 8, 2024 Order and (b) the the Pro Se Litigant Guide with a blank-form civil-rights complaint which Plaintiff must use if Plaintiff wishes to pursue an amended complaint. (ECF No. 8.)

**(3)** If Plaintiff fails to timely cure the deficiencies according to the May 8, 2024 Order's instructions, this action will be dismissed without further notice. (*Id.*)

**(4)** Plaintiff's motion for appointed counsel is **DENIED**, (ECF No. 9); however, if, after the case develops further, it appears that counsel may be needed or of specific help, the Court will ask an attorney to appear *pro bono* on Plaintiff's behalf.

DATED this 13th day of June 2024.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge